CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
2/15/2019
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
       DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

JAMES JONES,

          Plaintiff,

v.                                  Case No. 6:19CV00006

LIBERTY UNIVERSITY, INC.,
   SERVE:   David M. Corry, Registered Agent
               1971 University Blvd.         DEMAND FOR JURY TRIAL
               Liberty University
               Lynchburg, VA 24502

          Defendant.

**COMPLAINT**

# TABLE OF CONTENTS

I. SUMMARY OF ACTION .................................................................................................. 1

II. JURISDICTION AND VENUE ........................................................................................ 1

III. INTRADISTRICT ASSIGNMENT .................................................................................. 1

IV. PARTIES ............................................................................................................................ 1

    A. PLAINTIFF ............................................................................................................. 1

    B. DEFENDANT ......................................................................................................... 2

V. EXHAUSTION OF ADMINISTRATIVE REMEDIES .................................................. 3

VI. FACTS ................................................................................................................................ 3

    A. Jones Notifies Liberty Of His Autism And Requests Accommodations ................ 3

    B. Jones Continues To Request Accommodations ...................................................... 5

    C. The Dean Indicates Intent To Recommend Non-Renewal After Learning Of Jones' Autism And Requests For Accommodation ................................................ 6

    D. Liberty Denies Jones' Accommodation Requests Without Engaging In An Interactive Process ................................................................................................... 6

    E. Jones Exceeds Liberty's Performance Targets ....................................................... 7

    F. Liberty Notifies Jones Of His Termination ............................................................. 8

VII. CLAIMS ............................................................................................................................. 9

    COUNT ONE: DISABILITY DISCRIMINATION (WRONGFUL TERMINATION) ........... 9

    COUNT TWO: RETALIATION ........................................................................... 10

    COUNT THREE: DISABILITY DISCRIMINATION (FAILURE TO ACCOMMODATE) . 10

VIII. DAMAGES ...................................................................................................................... 12

PRAYER FOR RELIEF .............................................................................................................. 12

DEMAND FOR JURY TRIAL .................................................................................................... 13

## I. SUMMARY OF ACTION

1. Plaintiff James Jones brings this action against Defendant Liberty University, Inc. ("Liberty"), to remedy employment discrimination against him on the basis of his disability (autism), including his record of disability and/or being regarded as having a disability, and/or retaliating against him for engaging in protected activities, and/or failing to accommodate his disability, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq. ("ADA").

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a), and 28 U.S.C. § 1331.

3. This Court may properly maintain personal jurisdiction over Liberty, because Liberty's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Liberty to comply with traditional notions of fair play and substantial justice.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391. Jones was employed by Liberty in this judicial district, and a substantial part of the events or omissions giving rise to his claims occurred in this judicial district.

## III. INTRADISTRICT ASSIGNMENT

5. Venue is proper in the Lynchburg Division under Local Civil Rule 2(b) because Liberty employed Jones in this division, and a substantial part of the events or omissions that gave rise to this action occurred in this division.

## IV. PARTIES

### A. PLAINTIFF

6. Plaintiff James Jones is a resident of Virginia and citizen of the United States.

From approximately August 2009 to March 8, 2017, Jones worked for Liberty in Lynchburg, Virginia, as an Associate Professor of Computer Science. Liberty decided to terminate Jones' employment after learning that Jones had been diagnosed with autism and after learning that Jones was requesting accommodations for this disability.

7. The essential functions of Jones's position entailed teaching Computer Science courses to undergraduate students at Liberty.

8. Jones has a disability, autism (also known as Autism Spectrum Disorder). Jones' autism substantially limits his ability to perform certain major life activities, including, among others, his brain function and ability to engage socially with others.

9. Jones is a qualified individual with a disability. During his employment with Liberty, Jones built a strong reputation for his Christian faith (Liberty is a Christian university that places high value on faculty members' Christian faith), rapport with his co-workers, and a solid record of performance. For example, in 2015, Jones' students scored in the top 4% of approximately 200 universities nationwide on the Educational Testing Service's Major Field Achievement Test for computer programming. During his time at Liberty, Jones also published approximately 10 peer-reviewed articles in academic journals and conference proceedings, and made research presentations at numerous international conferences.

10. Of the eight full-time faculty in Liberty's Computational Sciences Department, Jones was one of only two instructors to hold a PhD in Computer Science, and one of only two instructors to publish in scholarly journals.

B. **DEFENDANT**

11. Defendant Liberty University, Inc. is a Virginia corporation with its principal office located at 1971 University Blvd, Lynchburg Virginia 24515.

2

COMPLAINT
JONES V. LIBERTY UNIVERSITY

Case 6:19-cv-00006-NKM   Document 1   Filed 02/15/19   Page 4 of 16   Pageid#: 4

12. Liberty is an employer within the meaning of the ADA.

13. Liberty is engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

14. Liberty has had more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year.

15. Liberty employed Jones as an Associate Professor of Computer Science from approximately August 2009 to March 8, 2017.

16. At all times relevant herein, Liberty acted by and through its agents, servants, and employees, each of who acted at all times relevant herein in the course and scope of their employment with Liberty.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. Jones exhausted his administrative remedies by filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission on or about December 19, 2017 (Charge No. 438-2018-00387). The Charge alleges that Liberty continuously failed to accommodate Jones' disability, discriminated against him on the basis of disability, and/or retaliated against him for engaging in protected activity, in violation of the Americans with Disabilities Act.

18. The EEOC issued a Notice of Suit Rights on November 28, 2018, which is fewer than 90 days before the filing of this Complaint. A copy of the Notice of Suit Rights is attached as Exhibit 1.

## VI. FACTS

### A. Jones Notifies Liberty of His Autism and Requests Accommodations

19. Jones has autism. Autism is a disability. Jones' autism substantially limits his

ability to perform certain major life activities, including, among others, his brain function and ability to engage socially with others.

20. Jones was first formally diagnosed with autism by a neuropsychologist, in the summer of 2015, although there were consistent indications of this condition throughout his work and life. For example, Jones' autism impairs his ability to engage socially with others. As a consequence of this impairment, Jones did not always receive the highest ratings in his student evaluations, as such evaluations are, in many respects, largely a measure of the teacher's social skills and popularity among students, rather than a measure of the teacher's effectiveness in teaching the curriculum.

21. Jones first disclosed his autism informally to his supervisor, Dean David Donahoo, in summer 2015, shortly after Jones was first diagnosed with this impairment. Donahoo was Dean of Liberty's School of Engineering and Computational Science.

22. In or about May 2016, Dean Donahoo and Jones' immediate supervisor, Jerry Westfall, met with Jones to discuss Jones' student evaluations for the three most recent semesters and in the future. Donahoo identified four specific student evaluation questions on which he wanted Jones to improve. Donahoo told Jones that he was simply looking for "positive improvement" in these areas, rather than a specific score on the questions. Donahoo told Jones that he would be re-evaluated after receiving Jones' student evaluations for the fall 2016 semester.

23. Because Jones was concerned about the role his autism played in his ability to garner high scores in student evaluations, during the May 2016 meeting with Donahoo, Jones again informed Donahoo that he had autism.

24. During the May 2016 meeting with Donahoo, Jones requested reasonable accommodations for his disability. For example, Jones requested that his autism and

attendant limitations be taken into account in assessing his scores on student evaluations.

25. Despite Jones' requests for accommodation, at no time did anyone from Liberty engage in an interactive process with Jones or have a conversation with Jones to discuss his requests or identify possible reasonable accommodations.

26. When Jones notified Dean Donahoo of his autism during the May 2016 meeting and requested accommodations for this disability, Donahoo responded by telling Jones that if he was autistic, "maybe you shouldn't be a college professor."

**B.     Jones Continues to Request Accommodations for His Autism**

27. On multiple occasions between May 2016 and fall 2016, Jones again informed Donahoo and Westfall of his disability and requested reasonable accommodations. For example, Jones continued to request that his autism be taken into account in assessing his scores on student evaluations.

28. Early in the fall semester 2016, Jones again notified Liberty of his disability and request for accommodations by submitting a written Employee Request for Accommodation regarding his autism. Jones submitted this written request for accommodation shortly after meetings and communications with Donahoo and Westfall, in which Jones discussed his autism and need for accommodations with Donahoo and Westfall.

29. In his written accommodation request, Jones again explained that he believed his autism made it more difficult for him (compared to professors without autism) to garner high scores on student evaluations. Jones explained his concern that student evaluations were often a measure of social skills and likeability, and his autism impaired his social skills and perceived likeability. In the written accommodations request, Jones requested

5

COMPLAINT
JONES V. LIBERTY UNIVERSITY

Case 6:19-cv-00006-NKM   Document 1   Filed 02/15/19   Page 7 of 16   Pageid#: 7

"A lower threshold by which to judge my teaching effectiveness. I also need the love, patience, understanding, and respect of my superiors."

### C. The Dean Indicates Intent to Recommend Non-Renewal After Learning of Jones' Autism and Requests for Accommodation

30. After multiple communications and meetings beginning in May 2016 in which Jones notified Donahoo and Westfall of his disability and desire for accommodations, and shortly after Jones submitted his written Employee Request for Accommodation, Dean Donahoo communicated to the Office of the Provost Donahoo's intent to recommend that Jones not be offered a contract for the following school year. Donahoo made this recommendation even though Jones met or exceeded all performance targets for fall 2016 student evaluations as specified in their May 2016 meeting.

### D. Liberty Continuously Denies Jones' Accommodation Requests Without Engaging in an Interactive Process

31. Liberty did not provide Jones with a written response to his request for reasonable accommodations until on or about December 31, 2016, which was more than two months after Jones submitted his written request and more than six months after Jones first requested accommodations. On or about December 31, 2016, Steve Foster from Liberty's Human Resources department provided Jones with a brief written response, stating that Jones' request for accommodation was denied.

32. Despite Jones' repeated requests for accommodation, at no time did anyone from Liberty engage in an interactive process with Jones or have a conversation with Jones to discuss his requests or identify possible reasonable accommodations.

33. Liberty continuously denied Jones' requests for accommodation without discussing the requests with Jones or having a conversation with Jones about possible reasonable accommodations or possible alternatives to the accommodations Jones had

6

COMPLAINT
JONES V. LIBERTY UNIVERSITY

Case 6:19-cv-00006-NKM   Document 1   Filed 02/15/19   Page 8 of 16   Pageid#: 8

requested. From May 2016, when Jones first requested accommodations, until the end of Jones' employment, Liberty continuously failed to engage in an interactive process with Jones and continuously denied Jones a reasonable accommodation.

34. Liberty could have accommodated Jones' disability by, for example, agreeing to take into account the limitations of Jones' autism in assessing his student evaluation scores. Liberty could have granted this accommodation without incurring any undue hardship. There would have been no significant monetary cost to Liberty in granting this accommodation.

35. Liberty denied Jones' request for accommodation without providing or suggesting any reasonable alternatives to Jones' requested accommodations.

36. Liberty continued to deny Jones any accommodation for his disability through the end of his employment.

**E.   Jones Exceeds Liberty's Performance Targets**

37. Following the meeting with Dean Donahoo in May 2016, in which Donahoo requested that Jones work to improve his student evaluation scores, Jones worked hard and improved his student evaluation scores as Donahoo had requested.

38. In the fall 2016 semester — the first semester after Donahoo requested in May 2016 that Jones work to improve his student evaluation scores in future semesters — Jones went above and beyond the improvements Donahoo had requested. Donahoo had requested improvement on four specific student evaluation questions. Jones not only exceeded the requested improvements on those four questions, he improved his scores on all ten student evaluation questions.

39. In the fall 2016 semester, Jones improved his student evaluation scores more than requested even as Liberty denied him any accommodation for autism, a disability

which it knew could limit his ability to garner high scores on student evaluations.

40.     At the time of his termination, Jones was performing his job at a level that met or exceeded Liberty's legitimate expectations, even without any accommodations in place for his autism.

F.      **Liberty Notifies Jones of His Termination**

41.     On or about March 8, 2017, Liberty informed Jones it was terminating his employment. Jones received this information in a meeting hosted by Steve Foster and attended by Ron Sloan and university Vice President Mann. When Jones asked for a reason for his termination, Dr. Mann stated that the reason was his performance. This explanation was pretextual. Jones had met or exceeded all performance goals set for him and had performed and was performing his job in a manner that satisfied Liberty's legitimate expectations.

42.     Dr. Mann specifically indicated the termination was somehow because of Jones' student evaluations in the fall 2016 semester. Dr. Mann stated, "You've been talking with David [Donahoo] about these matters for some time." This explanation was pretextual, as Jones had more than improved his student evaluation scores as requested. Jones had met or exceeded all performance goals set for him and had performed and was performing his job in a manner that satisfied Liberty's legitimate expectations.

43.     Liberty decided to terminate Jones, at least in part, on the basis of his disability, including Jones being regarded as having a disability and/or because of Jones having a record of disability, and/or because of his requests for reasonable accommodations.

44.     As a result of Liberty's discrimination and/or retaliation, Jones suffered lost wages and benefits, emotional distress, personal and professional humiliation, inconvenience, curtailment of career opportunities, and other damages.

8

COMPLAINT
JONES V. LIBERTY UNIVERSITY

Case 6:19-cv-00006-NKM    Document 1    Filed 02/15/19    Page 10 of 16    Pageid#: 10

45. Liberty is liable for its actions, which constitute disability discrimination and/or retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq.

VII. CLAIMS

COUNT ONE
DISABILITY DISCRIMINATION (WRONGFUL TERMINATION)

46. The foregoing paragraphs are incorporated herein as if set forth in full.

47. Jones has a disability, autism. At all times relevant, Jones' disability rendered him a qualified individual with a disability under the ADA.

48. At all times relevant, Liberty had notice of Jones' disability and its attendant limitations, including that Jones' autism limited his brain function and ability to engage socially with others.

49. At all times relevant, Jones was perceived by Liberty to be suffering from a disability and regarded by Liberty as suffering from a disability.

50. At all times relevant, Jones was perceived by Liberty as having a record of a disability.

51. At all times relevant, Jones was a qualified individual for the employment in question.

52. Liberty terminated Jones' employment, at least in part, on the basis of Jones suffering from a disability and/or perceived disability, and/or having a record of a disability and/or perceived disability.

53. At the time Liberty terminated Jones' employment, Jones was performing his job at a level that met Liberty's legitimate expectations.

54. Liberty unlawfully discriminated against Jones by terminating his employment,

at least in part, on the basis of disability.

55. Liberty would not have terminated Jones' employment but for Jones' disability and/or perceived disability, and/or but for Jones' having a record of a disability and/or perceived disability.

56. The foregoing actions by Defendant constitute violations of the ADA.

57. As a result of the foregoing, Plaintiff has suffered damages.

## COUNT TWO
## RETALIATION

58. The foregoing paragraphs are incorporated herein as if set forth in full.

59. Jones engaged in protected activity under the ADA by requesting accommodations for his disability

60. Liberty took an adverse employment action against Jones by terminating his employment.

61. Liberty took away Jones' employment, at least in part, because of Jones' requests for accommodation.

62. Liberty would not have terminated Jones' employment but for Jones' requests for accommodation.

63. The foregoing actions by Defendant constitute violations of the ADA.

64. As a result of the foregoing, Plaintiff has suffered damages.

## COUNT THREE
## DISABILITY DISCRIMINATION (FAILURE TO ACCOMMODATE)

65. The foregoing paragraphs are incorporated herein as if set forth in full.

66. Jones has a disability, autism.

67. At all times relevant, Liberty had notice of Jones' disability.

68. Jones was able to perform the essential functions of his job with reasonable accommodations. For example, the essential functions of Jones' position entailed teaching Computer Science courses to undergraduate students at Liberty. Jones could have performed these functions with or without a reasonable accommodation that, for example, involved Liberty taking into account his autism in assessing his scores on student evaluations. Even though this would have been a reasonable accommodation for Liberty to make, and Liberty did not make this or any other accommodation, Jones still performed well and exceeded the performance targets Liberty set for his student evaluation scores.

69. Jones asked Liberty for reasonable accommodations of his disability. Jones requested reasonable accommodations verbally and by other communications on multiple occasions beginning in or about May 2016, and continued to request reasonable accommodations in a written form he submitted early in the fall 2016 semester.

70. Liberty could have reasonably accommodated Jones' disability without incurring any undue hardship. There would have been no significant monetary cost to Liberty in granting the accommodation Jones requested.

71. Liberty failed to provide such a reasonable accommodation, or any reasonable alternative accommodation, for Jones' disability.

72. The aforesaid actions by Defendant constitute violations of the ADA.

73. As a result of the foregoing, Plaintiff has suffered damages.

## VIII. DAMAGES

74. As a result of Liberty's discrimination, retaliation, and failure to accommodate described herein, Jones has suffered emotional distress and mental anguish, curtailment of career opportunities, personal and professional humiliation, lost past and future wages and benefits, and other damages.

75. Defendant's conduct described herein was willful, deliberate, malicious, and outrageous, so as to make an award of punitive damages appropriate.

## PRAYER FOR RELIEF

76. Accordingly, Plaintiff prays for judgment in his favor and against Defendant:

A. Declaring that Defendant violated the Americans with Disabilities Act by discriminating against Plaintiff on the basis of disability, and/or retaliating against Plaintiff for engaging in protected activity, and/or by failing to accommodate Plaintiff's disability;

B. Awarding Plaintiff compensatory damages in an amount to be proven at trial, plus interest thereon;

C. Awarding Plaintiff punitive damages in an amount to be proven at trial, plus interest thereon;

D. Awarding Plaintiff lost past and future wages and benefits as a result of Defendant's discrimination and/or retaliation, plus interest thereon;

E. Awarding Plaintiff the costs of bringing and maintaining this civil action and the investigation that preceded it, including reasonable attorneys' fees and costs;

F. Awarding Plaintiff pre- and post-judgment interest;

G. Enjoining Defendant from discriminating or retaliating against Plaintiff in the

future; and

H.     Awarding Plaintiff such other and further relief as the interests of justice may require.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial for all claims and issues so triable.

>                                         Respectfully submitted,
>
>                                         JAMES JONES,
>                                         By Counsel

Dated:         February 15, 2019

<u>/s/Timothy Coffield</u>
Timothy Coffield (VSB 83430)
COFFIELD PLC
106-F Melbourne Park Circle
Charlottesville, VA 22901
p: (434) 218-3133
f: (434) 321-1636
tc@coffieldlaw.com

Counsel for Plaintiff

## CERTIFICATE

I HEREBY CERTIFY that a true and correct copy of the foregoing Complaint will be delivered to a qualified process server with instructions to serve the same upon the Defendant or its authorized agents at the following address:

>David M. Corry, Registered Agent
>1971 University Blvd.
>Liberty University
>Lynchburg, VA 24502

/s/Timothy Coffield
Counsel for Plaintiff